

**QUEENS COUNTY DISTRICT ATTORNEY**
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568

718.286.6000
WWW.QUEENSDA.ORG

**MELINDA KATZ**
DISTRICT ATTORNEY

August 21, 2020

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Megnath v. Royce*
20-CV-1305 (EK)

Dear Judge Komitee:

The State opposes petitioner's request for the assignment of counsel to exhaust his state remedies. As the parties have discussed, and as petitioner's *pro se* application for a writ of *habeas corpus* makes clear, the potential unexhausted issue to be raised is whether petitioner was denied the effective assistance of trial counsel because of counsel purportedly did not attack the LCN DNA evidence vigorously enough. Petitioner also seeks to attack appellate counsel for failing to raise this issue. And whether he attacks appellate counsel for not claiming trial counsel was ineffective for the grounds stated, or that appellate counsel should have claimed that the hearing court erred in finding the LCN DNA evidence admissible, either attack is without merit. In any event, petitioner has not established the viability of either claim, such that the assignment of counsel is warranted to exhaust the claims.

"There is no Sixth Amendment right to appointment of counsel in habeas proceedings." *Perez v. Glover*, 2010 WL 3943724 (Dist. Ct. NJ Oct. 6, 2010) (citing, *inter alia*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 [1987] ["our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"]). *See also Padilla v. Artuz*, 2008 WL 126599 (S.D.N.Y. Jan. 4, 2008) (*habeas* petitioner has no right to counsel). *See also Renis v. Thomas*, 2003 WL 22358799 (E.D.N.Y. Oct. 16, 2003) (no constitutional right to representation by counsel in *habeas corpus* proceedings). Pursuant to the Criminal Justice Act (CJA), however,

*Megnath v. Royce*, 20cv1305                                    Page 2
Queens Co. Ind. 917/07                                          Aug. 21, 2020

the Court may, in its discretion, appoint counsel to those seeking relief under 28 U.S.C. § 2254 "where the interests of justice so require." *Id.*, slip op. at *3 (quoting 18 U.S.C. § 3006A[a][2][B]).  The Court must determine whether the petitioner can afford to obtain counsel and, if so, it must then assess the merits of the case.  *Id.*  "The Court should consider the petitioner's likelihood of success on the merits, . . . the complexity of legal issues raised . . . and the petitioner's ability to investigate and present his case to the federal habeas court."  *Soto v. Walker*, 2005 WL 2260340 (N.D.N.Y. Sept. 15, 2005) (denying motion for appointment of counsel).  While petitioner may meet the  financial need requirement, he has failed to establish that the interest of justice requires such appointment.[1]  Here, as set forth below, petitioner has not established that he is likely to succeed on the merits, or that the legal issues are so complex that he cannot articulate them.  *See Brito v. Burge*, 2005 WL 1837954 (S.D.N.Y. Aug. 3, 2005) (denying motion for assistance of counsel in *habeas* proceeding, where petitioner failed to demonstrate petition was of substance and had not met threshold requirement of merit; petitioner did not demonstrate that claims were overly complex of why counsel would be more likely to lead to a just determination).

          First, appointing counsel for petitioner to exhaust an ineffective-assistance-of-trial-counsel claim would be futile, as the claim is procedurally barred in this Court. Petitioner's attack on trial counsel is a matter of the record and so had to be raised on direct appeal.  If a constitutional claim is unexhausted but the petitioner no longer has a forum in state court in which to present the claim, the federal court should deem the claim technically exhausted, but procedurally barred from federal *habeas* review.  *See Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989); *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Teague v. Lane*, 489 U.S. 288, 297-99 (1989) (plurality opinion); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Ramirez v. Attorney General*, 280 F.3d 87 (2d Cir. 2001). Under these circumstances, the federal court should deny the claim as if petitioner had brought the claim before a state court and the state court had decided that the claim was barred under state procedural rules.  *See, e.g., Grey v. Hoke*, 933 F.2d 117,120-21 (2d Cir.

---

[1]This is particularly so given that "[w]hen the claim at issue is one for ineffective assistance of counsel, . . ., AEDPA review is doubly deferential because counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Rudenko v. Coxsackie Warden*, 2019 WL 1487573, at *3 (E.D.N.Y. March 19, 2019) (quoting *Woods v. Etherton*, 136 S.Ct. 1149, 1151 [2016] [per curiam] [quotations and citations omitted]).  And this "doubly deferential" *Strickland* standard applies to claims of ineffective assistance of appellate counsel as well.  *Hobson v. Wendlend*, 2017 WL 4675764 (E.D.N.Y. Oct. 13, 2017) (citing *Woods v. Etherton*, 136 U.S. at 1151-52 and *Smith v. Robbins*, 528 U.S. 259, 287-88 [2000]).

*Megnath v. Royce*, 20cv1305                                    Page 3
Queens Co. Ind. 917/07                                         Aug. 21, 2020

1991) (when claim not raised in leave application to New York Court of Appeals, claim procedurally barred because petitioner already made the one leave request to which he was entitled).

Here, prior to trial, the parties submitted papers regarding the admission of the evidence, the court conducted a lengthy *Frye*[2] hearing, the parties submitted post-hearing papers setting forth their respective positions, and the court then issued a written decision.  As such, counsel's opposition to the admission of the evidence was clearly a matter on the record, which, therefore, had to be raised on direct appeal.  This, petitioner failed to do.  Petitioner can no longer raise his claim that trial counsel was ineffective for failing to attack the LCN DNA evidence on direct appeal.  Petitioner is entitled to only a single direct appeal, which he has taken.  *See Bosset v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994).  Further, petitioner cannot seek collateral review of the claim because based on facts that appear on the record, it is an on-the-record claim and should have been raised, if at all, on direct appeal.  *See* N.Y. C.P.L. § 440.10(2)(c).  As such, petitioner's claim that it may be necessary to file a motion pursuant to section 440.10 of the New York Criminal Procedure Law is unpersuasive and such a motion would not be successful.

Nor is the issue so complex that petitioner cannot present the issue himself.  Indeed, there is an extensive record addressing the admission of the LCN DNA evidence, and petitioner need only have the Court review that record to determine the adequacy of counsel's representation in that regard.  *See Harmon v. Adams*, 2011 WL 2961567 (E.D.Ca. July 19, 2011) (denying request to appoint counsel to exhaust state remedies on claim of ineffective assistance of counsel, as the claim was "not unique or legally complex," but assigning counsel to pursue claim raising serious allegations concerning *integrity* of the DNA evidence presented at trial, as such claim needed full investigation).

Thus, because petitioner did not raise his claim of ineffective assistance of counsel on direct appeal, he no longer has a proper forum in which to raise the claim.  Petitioner's claim is, therefore, technically exhausted but procedurally barred.  Moreover, the issue is not complex.  As such, no assignment of counsel is warranted to exhaust this claim.[3]

---

[2]*Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).

[3]It should also be noted that the extensive record relating to the admission of the LCN DNA evidence negates any criticism of trial counsel in this regard.  Indeed, petitioner's claim is somewhat puzzling given the exhaustive and relentless attack trial counsel waged to preclude the evidence.  Specifically,

*Megnath v. Royce*, 20cv1305                                    Page 4
Queens Co. Ind. 917/07                                         Aug. 21, 2020

Additionally, petitioner has not established that he is likely to succeed on his claim that he was denied the effective assistance of appellate counsel. The interest of justice, therefore, does not require that the Court assign counsel to pursue that claim.

On federal *habeas corpus* review of ineffective assistance of counsel claims, courts can reject a petitioner's conclusory assertions, and require that a *pro se* petitioner provide some sort of factual and legal support for his arguments. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994), *cert. denied*, 513 U.S. 935 (1994) (where *pro se* petitioner claimed that his attorney was ineffective because he failed to elicit evidence that he was not the shooter, Court highlighted the overwhelming evidence of guilt and rejected the argument because petitioner did not identify evidence counsel allegedly should have elicited; Court ruled that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief"); *Proctor v. McCarthy*, 2020 WL 1149660, *16 (S.D.N.Y. March 10, 2020) ("vague and conclusory allegations that are unsupported by specific factual averments are insufficient to state a viable claim for habeas relief"); *Crews v. Miller*, 2091 WL 4861421, *16 (E.D.N.Y. Sept. 30, 2019) (self-serving conclusory allegations will not establish ineffective assistance of counsel) (quotations omitted). Not only are petitioner's claims conclusory, as noted, it is not even clear on what specific ground he seeks to attack appellate counsel.

Significantly, petitioner fails to set forth how he could rebut the presumption that appellate counsel was effective. The 83-page brief submitted by appellate counsel was persuasive, competent, and more than adequately presented petitioner's strongest claims to the state appellate court. Appellate counsel argued that the evidence was legally and factually insufficient to establish defendant's guilt of each of the crimes beyond a reasonable doubt. Counsel also strenuously attacked the prosecutor's conduct – during cross-examinations of defense witnesses and during summation – arguing that such conduct denied him a fair trial. Finally, counsel attacked the court's evidentiary ruling precluding the defense from admitting what it characterized as alibi evidence. Counsel supported these arguments with a detailed synopsis of the evidence and case law.

---

prior to trial, counsel moved to preclude the LCN DNA evidence. As a result of counsel's effort, and despite the People's strenuous opposition, the court ordered a *Frye* hearing. At this extensive hearing – which spanned over 1,400 pages of transcript – counsel cross-examined each of the People's witnesses and called two doctors to testify for the defense. Further, counsel submitted a comprehensive post-hearing memorandum of law, arguing that the evidence was not admissible. After the People filed their post-hearing memorandum, counsel filed supplemental papers in response and rebuttal. Petitioner's claim that trial counsel did not vigorously attack the LCN DNA evidence is, quite simply, frivolous.

*Megnath v. Royce*, 20cv1305                                    Page 5
Queens Co. Ind. 917/07                                         Aug. 21, 2020

Here, appellate counsel's decision not to include petitioner's proposed claim – be it that trial counsel was ineffective, or that the court improperly admitted LCN DNA evidence – in his brief was clearly a strategic decision of the type that is "virtually unchallengeable," and was, moreover, a sound strategic decision in light of the record. Counsel's decision to omit petitioner's proposed claim was not a decision to omit non-frivolous arguments – which counsel is entitled to make.[4] Rather, appellate counsel made a sound strategic decision to omit frivolous arguments. *See Cruz v. Kirkpatrick*, 2017 WL 3382069, at * 5. Therefore, petitioner has not, and indeed cannot, establish that he was prejudiced by appellate counsel's representation, and the claim is not likely to be successful. Nor has petitioner set forth why this claim so complex that he needs the assistance of counsel.

Finally, it bears noting that the New York Court of Appeals decision in *People v. Williams*, 35 N.Y.3d 24 (2020), does not dictate a different result.[5] The Court of Appeals reversed the conviction, finding that, relying almost exclusively on the LCN DNA decision in this case, the trial court had abused its discretion in permitting the admission of such evidence without conducting a *Frye* hearing. As noted, here, by contrast, the court conducted an exhaustive *Frye* hearing. Significantly, petitioner fails to set forth how trial counsel could have attacked the admission of the evidence more vigorously.

Additionally, in the end, the *Williams* Court found that the admission of the evidence was harmless. So too, here, appellate counsel wisely determined that, even if the LCN DNA evidence were improperly admitted, such admission was harmless given that the State also admitted traditional DNA evidence which, it is beyond dispute, was properly admitted. Further, the other evidence of petitioner's guilt was truly overwhelming. Therefore, even had it been raised and the Appellate Division determined that the evidence was improperly admitted, any such error would have been deemed harmless. Appellate

---

[4]The Supreme Court has held that appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. at 288 (citing *Jones v. Barnes*, 463 U.S. at 750-54). "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751-52).

[5]Notably, petitioner himself raised this case during the phone conference, further evincing that he is aware of recent developments in the law and that the issues are not so complex that he cannot articulate them himself.

*Megnath v. Royce*, 20cv1305                                        Page 6
Queens Co. Ind. 917/07                                            Aug. 21, 2020

counsel, therefore, wisely made the strategic decision not to raise that issue, which would not have afforded defendant any remedy.  Again, petitioner fails to establish that this claim has any merit or warrant the assignment of counsel to pursue it in state court.

As for petitioner's request for a stay, to the extent he seeks a stay to exhaust his ineffective-assistance-of-trial -counsel claim, as established, he no longer has a forum in which to present the claim in state court.  As such, the claim should be deemed exhausted but procedurally barred.  Petitioner can still exhaust his ineffective-assistance-of-appellate-counsel claim in a petition for a writ of error *coram nobis* in the Appellate Division, Second Department.  The Court can stay review of the petition to allow petitioner to exhaust this claim in state court, but only if petitioner demonstrates good cause for his failure to previously exhaust the claim and if his claim is not plainly meritless.  *See Carr v. Graham*, 27 F.Supp.3d 363 (W.D.N.Y. 2014) (denying motion for stay where petitioner did not demonstrate good cause for failure to exhaust claims) (citing *Rhines v. Weber*, 544 U.S. 269, 277 [2005]).  Petitioner has not established good cause for his failure to exhaust the claim, or establish that the claim is not plainly meritless.

In short, petitioner has not established that the assignment of counsel to exhaust his state remedies is warranted because he has not shown that he is likely to succeed on the merits, or that the legal issues are so complex that counsel is needed.  Further, petitioner cannot raise the claim of ineffective assistance of trial counsel, and he has not established good cause for his failure to exhaust his claim of ineffective assistance of appellate counsel.  Accordingly, the Court should deny petitioner's request.

Respectfully,


Nancy Fitzpatrick Talcott
Assistant District Attorney
(718) 286-6696

*Megnath v. Royce*, 20cv1305                                    Page 7
Queens Co. Ind. 917/07                                         Aug. 21, 2020

cc:    Michael A. Marinaccio, Esq.
       245 Main Street, Suite 240
       White Plains, New York 10601

       MICHAEL@MAMARINACCIOLAW.COM

       Hemant Megnath
       10A2667
       Green Haven Correctional Facility
       P.O. Box 4000
       Stormville, New York 12582